IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN W. THORPE,                          )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )        Civil Action No. 04-1752
                                          )          JUDGE LANCASTER
WILLIAM STICKMAN, et al.                  )        MAGISTRATE JUDGE HAY
                                          )
                    Defendants.           )

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that defendants' motion to dismiss the amended complaint (Docket #32) be converted into a motion for summary judgment and that the motion be granted.

### II.    REPORT

Plaintiff Kevin Thorpe is a prisoner at the State Correctional Institution at Fayette, located in Labelle, Pennsylvania. He alleges in his amended complaint (Docket #29) that his constitutional rights were violated in November, 2002, while he was an inmate at SCI Greene. Plaintiff faults defendants for failing to protect him from an attack by another inmate, or to timely intervene in the attack, and also asserts that defendants filed a false misconduct report against him asserting that plaintiff began the altercation as a way to cover up their failure to protect him. Defendants have filed a motion to dismiss asserting that the failure to protect claim was not exhausted, and that the claim of a false misconduct report fails to state a claim (Docket #32). Plaintiff has responded (Docket #34) and the motion is ripe for disposition.

## A.    Legal Standard.

Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The complaint must be read in the light most favorable to the plaintiff and all well-pled material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).

Here, however, defendants rely upon a declaration attached to their motion to dismiss which recounts facts not pleaded in the complaint. Where a defendant refers to matters outside the pleadings, its motion shall be treated as one for summary judgment. See, Fed.R.Civ.P. 12(b)(6); Camp v. Brennan, 219 F.3d 279, 280 (3d Cir.2000)(consideration of matters beyond the complaint converts a motion to dismiss into a motion for summary judgment). Hence, this court will convert defendants' motion into one for summary judgment, and the standard applicable to such motions becomes relevant.

Pursuant to Fed. Rule Civ. Proc. 56(c), summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there

- 2 -

is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

Thorpe seeks to assert liability against the defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: (1) that the alleged misconduct was committed by a person acting under color of state law; and (2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

## B.   Exhaustion of Administrative Remedies.

### 1.   Applicable law.

Defendants first assert that Thorpe did not exhaust available administrative remedies with respect to his claim that defendants failed to protect him from assault by another inmate. The applicable and mandatory exhaustion requirement which Congress enacted in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), reads as follows:

(a)   Applicability of administrative remedies

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

- 3 -

42 U.S.C.A. § 1997e(a) (emphasis added). Before filing a civil action, a plaintiff-inmate must

exhaust his administrative remedies, and this is true even if the ultimate relief sought is not

available through the administrative process. See Booth v. Churner, 206 F.3d 289, 300 (3d

Cir.2000), cert. granted, 531 U.S. 956 (2000), aff'd, 121 S.Ct. 1819 (2001). There is no "futility"

exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206

(3d Cir. 2002)(citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000). Further, the Third Circuit

has reaffirmed the vigor with which the exhaustion requirement §1997e(a) must be applied. It is

not enough for a prisoner to establish "there is no further process available to the inmate within

the grievance system (which would happen if, say, an inmate fails to file an administrative

appeal)...." Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir.2004). Rather, the Spruill court made

plain that §1997e(a) requires an inmate to "avail[ ] himself of every process at every turn (which

would require all appeals to be timely pursued, etc.)." Id. In short, "it is beyond the power of this

court--or any other--to excuse compliance with the exhaustion requirement, whether on the

ground of futility, inadequacy or any other basis." Nyhuis, supra, 204 F.3d at 73 (quotation

omitted).

        The Spruill court also explicitly held that the exhaustion requirement of the PLRA

includes a procedural default component, by analogizing it to the exhaustion doctrine (with its

corollary procedural default component) in the habeas context. 372 F.3d at 228-229 (3d Cir.

2004). The Court explained:

> We believe that Congress's policy objectives will be served by interpreting
> § 1997e(a)'s exhaustion requirement to include a procedural default
> component. Based on our earlier discussion of the PLRA's legislative
> history, [...] Congress seems to have had three interrelated objectives
> relevant to our inquiry here: (1) to return control of the inmate grievance
> process to prison administrators; (2) to encourage development of an
> administrative record, and perhaps settlements, within the inmate
> grievance process; and (3) to reduce the burden on the federal courts by
> erecting barriers to frivolous prisoner lawsuits. Each of these goals is
> better served by interpreting § 1997e(a)'s exhaustion language to include a

- 4 -

> procedural default component than by interpreting it merely to require
> termination of all administrative grievance proceedings.

Id. Having concluded that the PLRA includes a procedural default component, the Court then

indicated that "prison grievance procedures supply the yardstick for measuring procedural

default." Id. at 231. Therefore, if a prisoner has failed to pursue a grievance through the final

stage of review, and he would now be barred under the prison's policy from again presenting his

claim, then he has procedurally defaulted his claim for purposes of §1997(e)(a).

### 2.   Analysis

Defendants argue that the grievance which Thorpe filed, and which he has

attached to the complaint, was not presented through all levels of review.  The Pennsylvania

DOC Consolidated Inmate Review System provides for three levels of administrative review of

inmate grievances: the initial grievance submitted to the Facility Grievance Coordinator, an

intermediate level of appeal to the Facility Manager, and a final level of appeal to the Secretary's

Office of Inmate Grievances and Appeals (SOIGA). Commonwealth of Pennsylvania,

Department of Corrections, Consolidated Inmate Grievance Review System, Policy No. DC-

ADM 804 § VI. See also Booth v. Churner, 206 F.3d 289, 293 n. 2 (3d Cir.2000) (outlining the

grievance review process). The exhaustion requirement of § 1997e(a) is not satisfied simply

"whenever there is no further process available to the inmate within the grievance system (which

would happen if, say, an inmate fails to file an administrative appeal)...." Spruill, 372 F.3d at

227-28.  Rather, § 1997e(a) requires that an inmate "avail[] himself of every process at every turn

(which would require all appeals to be timely pursued, etc.)." Id.

The grievance attached to the complaint and numbered 37163 (Docket #3, Exhibit

L) contains plaintiff's allegations that he was assaulted and that defendants did not prevent the

attack, and did little to assist him or to disarm his attacker.  Defendants have presented a

declaration from Tracy Pollock, Administrative Office of the Secretary's Office of Inmate

Grievances and Appeals (SOIGA) for the Department of Corrections. Ms. Pollock searched the records kept by the Department and determined that petitioner did not file an appeal to final review for Grievance No. 37163 with SOIGA (Id.). This declaration, and defendants' reliance upon it, necessitate that defendants' motion to dismiss be treated as a motion for summary judgment.

In response to the Pollock declaration, plaintiff points to Exhibit M to his initial complaint. Exhibit M to the complaint is a letter from the Warden of SCI Greene denying plaintiff's intermediate appeal from Grievance No. 37163. Hence, given the opportunity to establish that he appealed the denial of his grievance to the SOIGA, plaintiff presented evidence that he appealed his grievance to intermediate review only. Therefore, defendants are entitled to summary judgment with respect to plaintiff's claim that defendants failed to protect him from attack, or to timely intervene in the altercation, since plaintiff did not present his grievance to the final level of review.[1]

## C.    DUE PROCESS CLAIM

Defendants also seek dismissal of plaintiff's claim that they filed false misconduct charges against plaintiff in order to disguise their failure to protect him from assault by another inmate. Thorpe alleges that defendants blamed the altercation on him, saying that he attacked the other inmate. Thorpe was found to have committed a disciplinary infraction arising from the

---

[1]    Although both parties refer to the instant motion as one arising under Rule 12(b)(6), both seem to have treated it as a motion for summary judgment. Defendants referred to the Pollock Declaration, a matter outside of the pleadings, and plaintiff, in response, referred to evidence he attached to the complaint. Hence, it appears that plaintiff had ample opportunity to respond to the motion with exhibits or affidavits properly considered in addressing summary judgment, and that he does not contest that he failed to file an appeal to SOIGA. If, however, plaintiff has other exhibits he wishes to present in opposition to the motion, he may do so along with his objections.

altercation, and was placed in restricted custody for 8 months. He remained in restricted custody until he was ultimately transferred to another penal institution.

A prisoner does not have a constitutional right to be free from being falsely or wrongly accused of conduct even where the false accusation may result in the deprivation of a protected liberty interest. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988). In other words, the mere filing of false charges against an inmate does not constitute a *per se* constitutional violation. Id. Before the Supreme Court issued its decision in Sandin v. Conner, 515 U.S. 472 (1995), finding that no liberty interest is implicated in normal prison disciplinary proceeding, the federal courts had determined that the filing of unfounded administrative charges against an inmate may result in a procedural due process violation only when such charges were not subsequently reviewed in a misconduct hearing. Freeman, 808 F.2d at 952 (an allegation that a prison guard planted false evidence fails to state a claim where the procedural due process protections as required in Wolff v. McDonnell are provided)(citation omitted). Thus, even if false charges impaired a protected liberty interest, so long as prison officials granted the inmate a hearing and an opportunity to be heard (which occurred in this case), the filing of unfounded charges did not give rise to a procedural due process violation actionable under section 1983. Accord Jones v. Coughlin, 45 F.3d 677 (2d Cir. 1995); Franco v. Kelly, 854 F.2d 584, 587 (2d Cir. 1988); McClean v. Seclor, 876 F. Supp. 695 (E.D. Pa. 1995).

Further, and in any event, pursuant to the Supreme Court's ruling in Sandin, Thorpe cannot even demonstrate that he had a constitutionally protected liberty interest in his disciplinary proceeding that was allegedly offended by the Commonwealth defendants' actions. The only adverse consequence alleged by plaintiff from the misconduct proceeding was eight months of restrictive custody. This is insufficient to state a substantive due process claim. Smith v. Mesinger, 293 F.3d 641, 653 (3d Cir.2002)(district court correctly dismissed due process

claim where allegation of false disciplinary report resulting in seven months' disciplinary confinement was not sufficient to constitute a due process deprivation under Sandin).

Plaintiff also seems to complain that his transfer to SCI Greene was occasioned by the allegedly false misconduct. Again, he has failed to state a claim since he has no liberty interest in being housed in any particular penal institution within the Pennsylvania Department of Corrections:

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. . . . Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the . . . prison system. Confinement in any . . . institution[ ] is within the normal limits or range of custody which the conviction has authorized . . ..

Meachum v. Fano, 427 U.S. 215, 224-225 (1976). In this respect, Meachum is entirely consistent with the Supreme Court's later discussion of the due process clause in Sandin. Both a period of administrative custody and transfer to another penal institution are simply facts of prison life, and imposition of either, even as a sanction for misconduct, is not so out of the ordinary as to invoke the Due Process Clause.

Accordingly, Thorpe has failed to allege a constitutional violation through the mere assertion that false disciplinary charges were filed against him, and he has failed to state a claim upon which relief can be granted. Defendants' motion for summary judgment should be granted in this respect as well.


CONCLUSION

Wherefore, on the basis of the foregoing, it is respectfully recommended that defendants' motion to dismiss (Docket #32) be converted to a motion for summary judgment and be granted.

- 8 -

In accordance with the Magistrate's Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ AMY REYNOLDS HAY
United States Magistrate Judge

Dated:   13 November, 2006

cc:      The Honorable Gary L Lancaster
         United States District Judge

         Kevin W. Thorpe
         DF-5616
         SCI Fayette
         Box 9999
         LaBelle, PA 15450-0999

         Mariah Passarelli
         Deputy Attorney General
         Office of the Attorney General
         6th Floor, Manor Complex
         564 Forbes Avenue
         Pittsburgh, PA 15219